## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY SALLIS, Individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. CIV-14-876-F** |
| **AMERICAN MUNICIPAL SERVICES CORPORATION d/b/a Warrant Enforcement Division; LARRY E. BERGMAN, GREG L. PITCHFORD; JEFF R. PARSONS; and STEVE MCINTYRE,** | |
| **Defendants.** | |

## ANSWER OF DEFENDANT AMERICAN MUNICIPAL SERVICES CORPORATION

Plaintiff's claims against the individual Defendants, Larry E. Bergman, Greg L. Pitchford, Jeff R. Parsons, and Steve McIntyre were dismissed by the Court's Order of January 30, 2015 [Doc. 19]. Therefore, this Answer is filed only by Defendant American Municipal Services Corporation ("AMS"). AMS, for its Answer to the Amended Class Action Petition ("Amended Complaint"), denies each and every allegation contained therein, except any allegation which may be hereinafter admitted and, for further answer, utilizing the same paragraph numbering as utilized in the Amended Complaint, AMS alleges and states as follows:

1.     Denied, except that AMS admits that Plaintiff alleges that this action is brought as a putative class action.

2.     Denied, except that AMS admits that venue is proper.

3.     Denied.

4.     The allegations of the first sentence of paragraph 4 of the Amended Complaint are admitted, upon information and belief.  The other allegations of paragraph 4 are denied.

5.     In response to paragraph 5 of the Amended Complaint, AMS denies that Plaintiff has fully or adequately described AMS' business and AMS further denies that it has a principal office in Tulsa, Oklahoma.  AMS further alleges that it was ousted due to a misunderstanding, which was remedied, and AMS is in good standing in Oklahoma and with the Oklahoma Secretary of State.

6.     These allegations have been dismissed under the Court's Order of January 30, 2015 [Doc. 19] and an answer to those allegations is not required.  To the extent an answer may be required, the allegations are denied except that AMS admits that Mr. Bergman is the Chief Executive Officer and an officer of AMS.

7.     These allegations have been dismissed under the Court's Order of January 30, 2015 [Doc. 19].

8.     These allegations have been dismissed under the Court's Order of January 30, 2015 [Doc. 19].

9.     These allegations have been dismissed under the Court's Order of January 30, 2015 [Doc. 19].

10.     These allegations pertain to claims that were dismissed under the Court's Order of January 30, 2015.  AMS further states that the allegations of paragraph 10 of the Amended Complaint are general in nature, are not tied to the any specific factual

allegation, and contain Plaintiff's characterization of his legal position. Therefore an answer is not required. To the extent an answer is required, the allegations are denied.

11.     In response to paragraph 11 of the Amended Complaint, AMS denies that Plaintiff has fully described AMS business or accurately characterized AMS' services.

12.     In response to paragraph 12 of the Amended Complaint, AMS denies that that Plaintiff has fully or accurately described AMS' website and AMS further disputes any negative connotation intended by Plaintiff by the use of the word "promotes".

13.     In response to paragraph 12 of the Amended Complaint, AMS denies that that Plaintiff has fully or accurately described AMS' website and AMS further disputes any negative connotation intended by Plaintiff by the use of the word "promotes".

14.     Admitted.

15.     Admitted, except that the letters were sent by Warrant Enforcement Division.

16.     In response to paragraph 16 of the Amended Complaint, AMS alleges that the letter speaks for itself. Insofar as the allegations in this paragraph are inconsistent the letter, the allegations are denied.

17.     In response to paragraph 17 of the Amended Complaint, AMS alleges that the letter speaks for itself. Insofar as the allegations in this paragraph are inconsistent the letter, the allegations are denied.

18.     In response to paragraph 18 of the Amended Complaint, AMS alleges that the letter speaks for itself. Insofar as the allegations in this paragraph are inconsistent the letter, the allegations are denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

## RESPONSE TO CLASS ACTION ALLEGATIONS

23.     In response to paragraph 23 of the Amended Complaint, AMS denies that this action is properly brought as a class action, denies that the class pled is a proper class, denies that a class should be certified under the federal rules, and denies that Plaintiff would be a proper representative of a purported class.

24.     The allegations of the first sentence of paragraph 24 of the Amended Complaint are admitted, upon information and belief.   The remaining allegations of paragraph 24 are denied.

25.     Denied.

26.     The "common questions of law and fact" alleged in paragraph 26 of the Amended Complaint have been dismissed in whole or in part by the Court's Order filed on January 30, 2015 [Doc. 19].  To the extent there are any allegations that have not been dismissed, they are denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

**RESPONSE TO FIRST THROUGH FIFTH CAUSES OF ACTION**

31. through 57.   Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action were dismissed by this Court's Order filed on January 30, 2015 [Doc. 19].

**RESPONSE TO SIXTH CAUSE OF ACTION**

58.   AMS realleges and incorporates the allegations of the preceding paragraphs of this Answer.

59.   Denied.

60.   Admitted.   AMS further alleges that its website speaks for itself.

61.   The allegations of paragraph 61 of the Amended Complaint are Plaintiff's statement of its legal position, rather than allegations of fact and, thus, no answer is required.  To the extent an answer may be required, the allegations are denied.

62.   Denied.

63.   Denied.

64.   Denied.

**RESPONSE TO SEVENTH THROUGH NINTH CAUSES OF ACTION**

65. through 74.   Plaintiff's Seventh, Eighth, and Ninth Causes of Action were dismissed by this Court's Order filed on January 30, 2015 [Doc. 19].

**RESPONSE TO TENTH CAUSE OF ATION**

75.   AMS realleges and incorporates the allegations of the preceding paragraphs of this Answer.

76.   Denied.

77.   Denied.

78.     Denied.

79.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

80.     AMS denies that Plaintiff is entitled to the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

For further answer, AMS asserts the following defenses:

81.     Plaintiff has failed to state claims against AMS upon which relief can be granted.

82.     Plaintiff has failed to set forth facts sufficient to state a class action claim.

83.     Plaintiff's claims are barred by estoppel, waiver and/or laches.

84.     Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate his alleged damages.

85.     Plaintiff's claim is barred in whole or in part to the extent that any of the alleged damages were caused by Plaintiff's contributory or comparative negligence.

86.     Plaintiff is not entitled to recover punitive damages because Plaintiff suffered no actual damages and because the requisite factual basis for an award of punitive damages has not been pled and cannot be established.

87.     The imposition of punitive damages would violate the United States and Oklahoma Constitutions, including the guarantees against the deprivation of property except by due process of law provided by the Fourteenth Amendment of the Constitution of the United States and Article II, § 2 of the Constitution of Oklahoma, and the

prohibition against excessive fines and cruel and unusual punishment made applicable to the states under the Fourteenth Amendment's Due Process Clause.

WHEREFORE, AMS requests that Plaintiff take nothing and that judgment be entered in AMS' favor; that it be awarded their costs and a reasonable attorney's fees, to the extent any such fees may be recoverable; and that it be awarded such other and further relief to which it may be entitled.

Dated: February 12, 2015.          Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

By:    <u>s/Michael E. Smith, OBA #8385</u>
       Chase Tower
       100 North Broadway, Suite 2900
       Oklahoma City, OK  73102-8865
       Telephone:  (405) 553-2828
       Facsimile:  (405) 553-2855
       Email:  mesmith@hallestill.com

**ATTORNEYS FOR DEFENDANTS,
AMERICAN MUNICIPAL SERVICES
CORPORATION d/b/a Warrant
Enforcement Division; LARRY E.
BERGMAN, GREG L. PITCHFORD;
JEFF R. PARSONS; and STEVE
MCINTYRE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:  (1) Kermit M. Milburn; and (2) Kenneth R. Massey.

_____
s/ Michael E. Smith